MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| VALENTINA TIKHOMIROVA (A 099 215 229), Plaintiff, | : | |
| v. | : | 07 Civ. 7465 (DAB) |
| | : | ANSWER |
| ANDREA J. QUARANTILLO, Director, New York Office, U.S. Citizenship and Immigration Services, et al., Defendants. | : | |

-------------------------------------------------------------x

Defendants Andrea J. Quarantillo, District Director of the United States Citizenship and Immigration Services' ("CIS's ") New York District Office, Emilio Gonzalez, Director of CIS, Michael Chertoff, Secretary of the United States Department of Homeland Security ("DHS"), and Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI") (collectively, the "Government" or "Defendants"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the Complaint of plaintiff Valentina Tikhomirova ("Plaintiff") on information and belief as follows:

**INTRODUCTION**

1. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1 of the Complaint. The

second sentence of Paragraph 1 sets forth Plaintiff's characterization of her claims and the relief sought in this case, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in the second sentence of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

2. The first sentence of Paragraph 2 of the Complaint sets forth conclusions of law, to which no response is required. The second sentence of Paragraph 2 of the Complaint sets forth Plaintiff's characterization of her claims and the relief sought in this case, to which no response is required. The third sentence of Paragraph 2 of the Complaint sets forth conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except aver that Andrea J. Quarantillo is the District Director of CIS's New York District Office.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint, except aver that Emilio Gonzalez is the Director of CIS.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint, except aver that Michael Chertoff is the Secretary of DHS.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint, except aver that Robert S. Mueller, III, is the Director of the FBI.

**FACTS**

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except aver that on November 5, 2004, CIS received Plaintiff's I-485 Application for Adjustment of Status.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint, except aver that on November 23, 2004, CIS received an I-130 Petition for Alien Relative submitted by petitioner Elena A. Agranovich on behalf of Plaintiff.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint, except aver that CIS sent Plaintiff a letter, dated May 16, 2005, regarding Plaintiff's I-485 Application for Adjustment of Status, and respectfully refer to the Court to the letter for a complete and accurate statement of its contents.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint, except aver that the name check submitted to the FBI by CIS is current pending and has been assigned an "expedited" status.

**COUNT I**

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

**COUNT II**

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

**PRAYER FOR RELIEF**

The allegations contained in Paragraphs (1)-(3) of the Complaint following the word "WHEREFORE" set forth Plaintiff's prayers for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to such relief.

DEFENSES

FIRST DEFENSE

The Court lacks jurisdiction to consider Plaintiff's claims.

SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

FOURTH DEFENSE

Defendants have not unlawfully withheld or unreasonably delayed action regarding

Plaintiff's I-485 Application for Adjustment of Status.

FIFTH DEFENSE

The Attorney General of the United States has no statutory obligation to grant Plaintiff's I-485 Application for Adjustment of Status, as adjustment of status is a wholly discretionary immigration benefit.

SIXTH DEFENSE

Plaintiff has not demonstrated her eligibility for adjustment of status because her FBI name check is still pending.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety, and granting such further relief as the Court deems proper, including costs and disbursements.

Dated: November 26, 2007
New York, New York

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: ______________________
WENDY H. WASZMER
Assistant United States Attorney
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

TO: JACQUELINE I. MEYER, ESQ.
Counsel for Plaintiff Valentina Tikhomirova
Hodgson Russ LLP
1540 Broadway, 24th Floor
New York, New York 10036